UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:16-cv-62188-CMA

LUIS SIERRA,

    Plaintiff,

v.

GOLDCO, LLC D/B/A BURGER
KING #6000, and ESA-CYPRESS, LLC,

    Defendants.
_____/

### DEFENDANT GOLDCO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Goldco, LLC d/b/a Burger King #6000 ("Defendant"), files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Luis Sierra ("Plaintiff"). All allegations in the Complaint which are not specifically admitted herein are denied.

### JURISDICTION AND VENUE

1.    Defendant admits that this Court has jurisdiction over this action. All remaining allegations in paragraph 1 of the Complaint are denied.

2.    Defendant admits that venue is proper in this judicial district. All remaining allegations in paragraph 2 of the Complaint are denied.

### PARTIES

3.    Defendant is without sufficient knowledge as to Plaintiff's disabilities, if any, his residency, and whether and when he has visited the subject property and therefore denies same. Defendant denies that Plaintiff was denied full and equal access to, and full and equal enjoyment of, Defendant's facility. Defendant denies all remaining allegations in paragraph 3 of the Complaint.

4. Defendant is without sufficient knowledge as to the allegations in paragraph 4 of the Complaint and therefore denies same.

5. Defendant is without sufficient knowledge as to Plaintiff's role as a "tester" and therefore denies same. Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6. Admitted.

7. Defendant admits that venue is proper in this judicial district. All remaining allegations in paragraph 7 of the Complaint are denied.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. Defendant realleges and incorporate herein by reference its responses to paragraphs 1-5 above as if set forth fully herein.

9. Defendant states that the allegations in paragraph 9 of the Complaint contain conclusory statements or legal conclusions to which no answer is required.

10. To the extent Plaintiff attempts to characterize, summarize, restate or quote portions of the ADA or the Congressional intent or findings behind the ADA, Defendant states that the statute speaks for itself and requires no affirmation or denial by Defendant.

11. To the extent Plaintiff attempts to characterize, summarize, restate or quote portions of the ADA or the Congressional intent behind the ADA, Defendant states that the statute speaks for itself and requires no affirmation or denial by Defendant.

12. Defendant states that the allegations in paragraph 12 of the Complaint contain conclusory statements or legal conclusions to which no answer is required.

13. Denied.

14. Denied.

15. Defendant is without sufficient knowledge as to whether Plaintiff intends to visit the subject property in the near future and therefore denies same. Defendant denies all remaining allegations in paragraph 15 of the Complaint.

16. To the extent Plaintiff attempts to characterize, summarize, restate or quote portions of the ADA or the ADAAG, Defendant states that the statute and regulations speak for themselves and require no affirmation or denial by Defendant.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant is without sufficient knowledge as to the allegations in paragraph 21 of the Complaint and therefore denies same.

22. Denied.

23. Denied.

24. Defendant states that the allegation in paragraph 24 is vague and ambiguous and therefore denies same.

25. Defendant states that the allegations in paragraph 25 of the Complaint contain conclusory statements or legal conclusions to which no answer is required.

26. Defendant admits that this Court has the authority to grant injunctive relief to Plaintiff but denies that it has violated Title III of the ADA.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff does not have standing to assert any of the claims asserted in the Complaint.

3. Defendant has at all times either been in compliance or substantial compliance with Title III of the ADA.

4. The barrier removal Plaintiff seeks is either not readily achievable, not required, technically infeasible, or would create an undue burden on Defendant.

5. Plaintiff lacks standing with respect to barriers which do not impair Plaintiff's enjoyment of the public accommodation.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

7. Plaintiff's claims are moot.

Date:   October 13, 2016

Respectfully submitted,

By:   */s/ Abigail H. Kofman*
David A. Buchsbaum
Fla. Bar No. 117961
dbuchsbaum@fisherphillips.com
Abigail H. Kofman
Fla. Bar No. 17865
akofman@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant,
Goldco, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **October 13, 2016**, I electronically filed the foregoing **DEFENDANT GOLDCO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Abigail H. Kofman*
David A. Buchsbaum
Fla. Bar No. 117961
dbuchsbaum@fisherphillips.com
Abigail H. Kofman
Fla. Bar No. 17865
akofman@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant,
Goldco, LLC*

**SERVICE LIST**
**United States District Court – Southern District of Florida**
**Luis Sierra v. Goldco, LLC d/b/a Burger King #6000 and ESA-Cypress, LLC**
**CASE NO: 0:16-cv-62188-CMA**

| | |
|---|---|
| Jessica L. Kerr<br>jessica@jmadvocacygroup.com<br>Jaci Mattocks<br>jaci@jmadvocacygroup.com<br>J & M Advocacy Group, LLC<br>4651 Sheridan Street<br>Suite 301<br>Hollywood, Florida 33021<br>Telephone (954) 962-1166<br>Facsimile (954) 962-1779<br><br>*Attorneys for Plaintiff* | David A. Buchsbaum<br>dbuchsbaum@fisherphillips.com<br>Abigail H. Kofman<br>akofman@fisherphillips.com<br>Fisher & Phillips LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 525-4800<br>Facsimile:   (954) 525-8739<br><br>*Attorneys for Defendant,*<br>*Goldco, LLC* |